**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CDW CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-10925 |
| | ) | |
| v. | ) | Judge Franklin U. Valderrama |
| | ) | |
| MAINLINE INFORMATION SYSTEMS, | ) | Magistrate Judge M. David Weisman |
| INC., and DARREN GOURLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MAINLINE INFORMATION SYSTEMS, INC.'S**
**12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Mainline Information Systems, LLC ("Mainline"), incorrectly identified as Mainline Information Systems, Inc., by and through its undersigned counsel, respectfully moves this Court for judgment on the pleadings on the following grounds:

1.      CDW's trade secret claims (Counts II and III) are barred by res judicata to the extent they overlap with claims made in the Texas litigation;

2.      CDW's Conspiracy, Aiding and Abetting Breach of the Duty of Loyalty, and Tortious Interference with Contracts claims (Counts I, V, and VII, respectively) that are based on allegations predating the dismissal of the Texas lawsuit are also barred by res judicata;

3.      Count V (Aiding and Abetting Breach of the Duty of Loyalty) is not a recognized cause of action;

4.      Count I (Civil Conspiracy) is barred by the intra-corporate conspiracy doctrine;

5.      The Illinois Trade Secrets Act preempts Counts I (Civil Conspiracy) and VII (Tortious Interference with Contracts);

6.      Count VIII (Tortious Interference with Business Expectancy) fails to state a claim as a matter of law; and

7.      To the extent not barred by res judicata, CDW's claims also fail because they are based on conclusory facts and threadbare recitals of purported facts.

The grounds for this Motion are more fully set forth in the accompanying Memorandum in Support. For the reasons discussed therein, Mainline respectfully requests that this Court grant its Motion for Judgment on the Pleadings on all of CDW's claims against it and for such other relief to which Mainline may show itself justly entitled, including its attorneys' fees and costs.

Dated:  November 5, 2025                    Respectfully submitted,

MAINLINE INFORMATION SYSTEMS, INC.

By:    */s/ Daniel S. Donovan*
                    One of Its Attorneys

Scott R. McLaughlin (*pro hac vice*)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Allen Center, Suite 2100
500 Dallas Street
Houston, TX 77002
*Scott.McLaughlin@ogletree.com*
(713) 655-0855

Justin A. Allen (*pro hac vice*)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
*Justin.Allen@ogletree.com*
(317) 916-1300

Daniel S. Donovan (ARDC # 6349181)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606-1731
*Daniel.Donovan@ogletree.com*
(312) 558-1220

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that on this 5th day of November, 2025, he electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.


*/s/ Daniel S. Donovan*
Attorney for Mainline Information Systems, Inc.

93449136.v2-OGLETREE